This is an appeal from an order granting Plaintiffs/Appellees' motion for summary judgment; denying Defendants/Appellants' motion for summary judgment; holding that the Appellees (the Robertses) are owners of an undivided one-half interest in and to the oil, gas, and other minerals in the SE 1/4 of the NW 1/4, Section 26, Township 11, Range 3, Choctaw County, Alabama; and further decreeing that the Appellants (the Morgans) own no right, title, or interest in and to the oil, gas, and other minerals in, on, or under subject property.
This case had its genesis in an earlier proceeding, initiated by the Morgans, in which the trial judge denied the Morgans' prayer for reformation of a deed. This Court affirmed that judgment in Morgan v. Roberts, 387 So.2d 170 (Ala. 1980)(Morgan I). Subsequently, the Robertses filed a bill to quiet title — the instant suit — to which the Morgans filed an answer and counter-petition seeking a "declaratory judgment for construction of a deed," or, in the alternative, "cancellation of deed."[1]
For purposes of this appeal, the Morgans' "issue presented" centers upon the propriety of the trial court's interpretation of the following language from the warranty deed that is the subject matter of this suit: "It is expressly understood that 1/4 oil, gas and other mineral interest is reserved from this conveyance." Appellant's counsel aptly frames the issue thusly:
 "Where a grantor executes a deed which on its face reserves one-fourth interest in oil, gas and other minerals, the grantor owning a one-half interest in such oil, gas and other minerals (a prior conveyance of the other one-half interest appearing on the face of conveyances in the chain of title), does the grantee receive the entire interest of the grantor in said oil, gas and mineral interest?"
Before addressing the merits of the issue presented, we note that each set of parties filed a motion for summary judgment, alleging "no genuine issue of material fact." The trial judge, recognizing that the only disputed factual issue presented in support of either of the motions related exclusively to the issue raised and adjudicated in Morgan I, proceeded to determine which set of parties was entitled to judgment as a matter of law. He made his determination in favor of the Robertses.
We affirm.
 FACTS
Some time prior to 1964, Silas and Mable Morgan were the owners of a forty-acre tract of land in Choctaw County, Alabama. Prior to the deed here in question, they conveyed a one-half interest in the oil, gas, and other minerals to a third party (not a party to the instant proceedings). This conveyance was duly recorded in the probate office.
On December 21, 1964, the Morgans conveyed by warranty deed fee simple title in the subject realty to Herbert and Alma Roberts, expressly reserving unto themselves (the Morgans) 1/4 interest in the oil, gas, and other mineral interests therein. In addition to the reservation set out above, this second deed contained covenants of seisin and against encumbrances.
 DECISION
Stated simply, the question calling for our resolution is this: Could the Morgans *Page 740 
retain a 1/4 interest in the mineral rights when they in fact warranted title to the Robertses in a 3/4 interest, but only owned for themselves 1/2 of such interest to begin with because of their prior conveyance?
We hold that Appellants' reservation of 1/4 the mineral interests from the conveyance to the Robertses was contrary to, and in direct violation of, the obligations of the Morgans under their warranty deed. The Morgans could not convey and warrant to the Robertses and reserve and retain unto themselves the same thing at the same time. Their warranty obligations were superior to their reservation of rights in the mineral interests. Brannon v. Varnado, 234 Miss. 466, 106 So.2d 386
(1958).
The words of reservation ("1/4 . . . mineral interest"), coupled with the covenants of seisin (warranty of title), obligated the grantors to convey to the named grantees a 3/4 interest in the mineral rights of the subject property. Absent grantees' actual knowledge of grantors' prior conveyance of 1/2 of the mineral rights, the prior recordation of that earlier conveyance cannot excuse grantors' warranty obligations. The grantees (the Robertses), claiming only equitable relief and not damages, are limited to an adjudication quieting title in and to the 1/2 interest in the mineral rights, this being all the mineral interest held by the Morgans at the time of the subject conveyance.
AFFIRMED.
TORBERT, C.J., and MADDOX, SHORES and BEATTY, JJ., concur.
[1] While in the trial below the Morgans sought to relitigate certain factual issues relating to reformation and/or cancellation of the deed, those issues are not presented for review on this appeal. The trial court correctly treated those factual issues as having been previously litigated.