This case presents an issue of first impression: whether a compulsory counterclaim is an "action" for purposes of Alabama Code 1975, § 6-5-440, which bars a plaintiff from prosecuting two actions in the courts of this State at the same time for the same cause and against the same party. We hold that it is. We affirm in part and dismiss in part.
Two cases were filed on the same day in the Circuit Court of Jefferson County, both based upon a dispute concerning commercial lease agreements for computer equipment. The original agreement was signed November 1, 1989, by Henry L. Penick and General Electric Capital Dealer Distributor Finance, Inc. ("G.E. Capital"), formerly known as Contel Credit Corporation, Inc. A subsequent "Equipment Add-On Agreement," dated December 19, 1989, and a "Lease Modification Agreement," dated November 27, 1991, were also signed. Under the terms of these agreements, Penick was to make monthly payments to G.E. Capital for the lease of computer equipment.
On September 9, 1992, G.E. Capital sued Henry L. Penick in the Circuit Court of Jefferson County, Alabama, the action being designated CV-92-7210.[1] This case was assigned to Judge Claude Hughes. Later that day, Henry L. Penick sued Cado Systems of Central Alabama, Inc. ("Cado Systems"), Cognition Technology Corporation ("Cognition"), and G.E. Capital, in the same court; the action was designated CV-92-7219.[2] This case was assigned to Judge Roger Monroe. On October 20, 1992, Penick filed an answer and counterclaim in CV-92-7210, asserting the same claims against G.E. Capital that he had alleged against the defendants in CV-92-7219.
On December 7, 1992, G.E. Capital moved to dismiss CV-92-7219 on the grounds that CV-92-7210 involved the same facts and issues and arose from the same transactions and occurrences as those alleged by Penick in CV-92-7219. A hearing was scheduled for January 8, 1993. At that hearing, Penick moved to consolidate the two actions. Judge Monroe overruled G.E. Capital's motion to dismiss, and granted Penick's motion to consolidate CV-92-7210 and CV-92-7219. G.E. Capital then moved to dismiss in CV-92-7210. After a hearing, Judge Hughes held the consolidation to be invalid and stated that he would continue to manage CV-92-7210; he referred CV-92-7219 back to Judge Monroe for handling.
After CV-92-7219 was referred back to Judge Monroe, G.E. Capital again moved to dismiss CV-92-7219 as to G.E. Capital; the motion did not relate to the other two defendants in CV-92-7219. On April 2, 1992, Judge Monroe granted G.E. Capital's motion *Page 600 
to dismiss. In addition, he dismissed CV-92-7219 in its entirety, stating in his order:
 "Furthermore, this action is due to be dismissed with prejudice; costs taxed to the plaintiff for the following reasons: (1) the basis for this action and the basis for the action designated CV-92-7210 involve the same facts and issues and arise out of the same transactions and occurrences. (2) A trial in this matter would result in a substantial duplication of the litigation of the same issues in the trial of the action designated as CV-92-7210. (3) The plaintiff in this action will not be harmed or without ability to pursue his claims against the Defendants by the dismissal of this case. The Plaintiff can pursue the claims he alleges in this action by and through a counterclaim in accordance with Rule 13(a), Alabama Rules of Civil Procedure. For the reasons stated above, this action is hereby dismissed with prejudice. Costs taxed to the Plaintiff."
Penick filed no post-judgment motion related to Judge Monroe's order. He did file a notice of appeal to this Court on May 11, 1993. The notice of appeal was not sent to counsel for Cado Systems and Cognition, nor was their counsel listed on the docketing statement filed in this Court. The attorney for Cado Systems and Cognition has filed a motion to dismiss this appeal as to those two parties, asserting that he was never served with the notice of appeal and has been consistently omitted from Penick's certificate of service on filings in this appeal.
We must consider whether the trial court erred in dismissing G.E. Capital in CV-92-7219. G.E. Capital contends that the claims made by Penick are compulsory counterclaims under Rule 13(a), A.R.Civ.P., and that Alabama Code 1975, § 6-5-440, bars him from asserting them in a separate action. Section 6-5-440 provides:
 "No plaintiff is entitled to prosecute two actions in the courts of this state at the same time for the same cause and against the same party. In such a case, the defendant may require the plaintiff to elect which he will prosecute, if commenced simultaneously, and the pendency of the former is a good defense to the latter if commenced at different times."
We agree with G.E. Capital. A comparison of Penick's counterclaim in CV-92-7210 and his complaint in CV-92-7219 with G.E. Capital's complaint in CV-92-7210 makes it clear that his counterclaim is compulsory under Rule 13(a). G.E. Capital's complaint against Penick is based upon commercial lease agreements for computer equipment and is based upon Penick's default on the payments owed under the lease. All of Penick's claims in his counterclaim (including his fraud claim) arise out of the commercial lease agreements and, therefore, arise from the same core of operative facts. Thus, they are compulsory counterclaims under Rule 13(a).Turner v. Lassiter, 484 So.2d 378, 381 (Ala. 1985); Ex parteCanal Insurance Co., 534 So.2d 582, 584 (Ala. 1988).
When a counterclaim is compulsory under Rule 13(a), it is a necessary part of the original action. When such a counterclaim is asserted, as it has been by Penick in CV-92-7210, the party asserting the claim is the counterplaintiff. Section 6-5-440 will not allow Penick to be a plaintiff in two separate actions "for the same cause and against the same party." Thus, CV-92-7219 was due to be dismissed as to G.E. Capital.
Penick also contends that the trial judge erred in dismissing Cado Systems and Cognition in CV-92-7219. We need not address that contention, however, because as to these two defendants the appeal is due to be dismissed under Rule 2(a)(2)(D), A.R.App.P., which provides for dismissal of an appeal when the appellant has failed to comply substantially with the Alabama Rules of Appellate Procedure. It is undisputed that Cado Systems and Cognition were not served with a notice of appeal and were not served with a designation of the record as required by Rule 3(c), A.R.App.P. Although "Cado Systems" was listed on the docketing statement (see Rule 3(e), A.R.App.P.) as the party appealed against, it was not served with a copy of the statement, and the only attorney listed on the statement is counsel for G.E. Capital, not Cado Systems. In addition, Penick's brief does not show service on counsel for these two defendants. In fact, Cado Systems and *Page 601 
Cognition learned of the appeal only through counsel for G.E. Capital. This was despite the fact that their counsel had filed answers for both corporations.
For the reasons stated above, the judgment of the trial court dismissing G.E. Capital in CV-92-7219 is due to be affirmed. The motion of Cado Systems and Cognition to dismiss the appeal as to them is due to be granted.
AFFIRMED IN PART; DISMISSED IN PART.
HORNSBY, C.J., and MADDOX, HOUSTON, STEAGALL, KENNEDY and INGRAM, JJ., concur.
[1] In its complaint, G.E. Capital sought a writ of seizure for possession of the equipment and a judgment against Penick for the amount owed under the leases.
[2] Penick's complaint is also based upon the leases, and it alleges various contractual and tort-based wrongs, as well as fraud.