LYONS, Justice.
Breman Lake View Resort, L.P., a limited partnership (“Breman”), is a defendant in a wrongful-death action in the Jefferson Circuit Court. The plaintiffs in that action are Steve Clark III and Rosita Clark, as co-administrators of the estate of Cordarrius Allan Clark, their deceased child. Breman is also the plaintiff in a declaratory-judgment action pending in the Cullman Circuit Court, in which the Clarks and others are defendants. The declaratory-judgment action was filed before the wrongful-death action. Bre-man petitions for a writ of mandamus directing Jefferson Circuit Judge Daniel C. King III to dismiss the wrongful-death action as to Breman, or, alternatively, to transfer that action to Cullman County. We grant the petition.
Cordarrius Clark, a six-year-old child, was enrolled in the Rainbow Inner City Ministries Day Care. The day-care facility is located in Jefferson County and is operated by Rainbow Inner City Ministries. On July 20, 1997, Rainbow Ministries took Cordarrius and approximately 15 other children to Bre-man on a field trip. Breman is located in Cullman County. During the outing, Cor-darrius drowned in a swimming pool on Bre-man’s property.
During settlement negotiations between the Clarks and Breman before any action was filed, Breman was informed that one possible basis for its liability was its alleged violation of swimming pool regulations promulgated by the Cullman County Board of Health (“the regulations”). On February 20, 1998, Breman filed a declaratory-judgment action in Cullman County against Rainbow Ministries, Reverend Tavares Lee Ward, Sr., LaShelle Clark, Rosita Clark, Steve Clark, and the Cullman County Board of Health to determine whether the regulations were applicable to it. Approximately two weeks later, the Clarks filed a wrongful-death action *851 in Jefferson County against Breman, Rainbow Ministries, and other fictitiously-named parties. The Clarks unsuccessfully sought to have the Cullman County declaratory-judgment action dismissed. The Clarks did not seek review of the denial of their motion to dismiss the Cullman County action.
Breman then sought to have the claims against it in the wrongful-death action in Jefferson County dismissed because the Clarks were defendants in the declaratory-judgment action in Cullman County.[1] Bre-man later amended its motion to seek, in the alternative, the transfer of the action to Cull-man County pursuant to the doctrine of forum non conveniens. The Jefferson County trial judge denied Breman’s motion. Bre-man now asks this Court to direct the dismissal of the wrongful-death action as to Breman now pending in Jefferson County or to transfer the action to Cullman County.
A writ of mandamus is an extraordinary remedy, and it will be “issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court.” Ex parte United Serv. Stations, Inc., 628 So.2d 501, 503 (Ala.1993). A writ of mandamus will issue only to compel the exercise of a trial court’s discretion; it will not issue to control or to review a court’s exercise of its discretion unless an abuse of discretion is shown. Ex parte Auto-Owners Ins. Co., 548 So.2d 1029 (Ala.1989).
This Court has held that the obligation imposed on a defendant under Rule 13(a), Ala. R. Civ. P., to assert compulsory counterclaims, when read in conjunction with § 6-5-440, Ala.Code 1975, which prohibits a party from prosecuting two actions for the same cause and against the same party, is tantamount to making the defendant with a compulsory counterclaim in the first action a “plaintiff’ in that action (for purposes of § 6-5-440) as of the time of its commencement. See, e.g., Ex parte Parsons & Whittemore Alabama Pine Constr. Corp., 658 So.2d 414 (Ala.1995); Penick v. Cado Systems of Cent. Alabama, Inc., 628 So.2d 598 (Ala.1993); Ex parte Canal Ins. Co., 534 So.2d 582 (Ala.1988). Thus, the defendant subject to the counterclaim rule who commences another action has violated the prohibition in § 6-5-440 against maintaining two actions for the same cause. We affirm the general rule expressed in these cases; to do otherwise would invite waste of scarce judicial resources and promote piecemeal litigation.
The Clarks argue that this rule should not be applied to them in this case for three reasons. First, they argue that deference to the Cullman County action would reward Breman for what they say is procedural fencing, forum shopping, and piecemeal litigation tactics. The Clarks contend that the procedure allowing a party to seek a declaratory judgment is abused when it is so manipulated as to afford a potential defendant in another action the choice of a forum in which to determine its nonliability. They argue that such abuse deprives the real plaintiff of the traditional right to choose the time and place in which to commence an action. The trial court has wide discretion in determining whether to award declaratory relief when another action presents the same issue. Home Ins. Co. v. Hillview 78 West Fire Dist., 395 So.2d 43, 45 (Ala.1981). The dissent criticizes this Court’s deference to the Cullman County action. However, whether the trial judge in Cullman County abused his discretion by denying the Clarks’ motion to dismiss the Cullman County proceeding is not before us. This petition for a writ of mandamus is directed to the refusal of the trial judge in Jefferson County to grant Breman’s motion to dismiss the wrongful-death action as to it.
Next, the Clarks argue that the general rule established in Ex parte Parsons & Whittemore and drawn from the combined effect of Rule 13(a) and § 6-5-440 should not be applied in this case because there are *852 additional defendants in the declaratory-judgment action in this case and there were no other defendants in Ex parte Parsons & Whittemore. The Clarks say that the forced litigation of their counterclaims in Cullman County would require them to serve cross-claims against the codefendants, contrary to the understanding that service of cross-claims is permissive, not compulsory. The relief sought, however, abates the Jefferson County proceedings only against Breman; the Clarks may choose to pursue the Jefferson County codefendants either in Jefferson County or in Cullman County.
Finally, the Clarks point out that venue for the wrongful-death action is proper in Jefferson County because Rainbow Ministries is a defendant in the Jefferson County action. They note that in Ex parte Parsons & Whittemore venue was not proper in the county in which the second action was filed. This is a distinction without a difference, because venue apparently was proper in each of the second-filed actions in Penick and Ex parte Canal Ins. Co., two other cases in which the rule drawn from the combined effect of Rule 13(a) and § 6-5-440 was applied. Indeed, in Penick the two actions were pending in the same circuit.
Because the Clarks’ claims against Breman in the Jefferson County wrongful-death action are compulsory counterclaims subject to § 6-5-440, and thus are due to be dismissed without prejudice, we conclude that the Jefferson County trial judge abused his discretion in denying Breman’s motion to dismiss.[2] Therefore, we grant Breman’s petition for the writ of mandamus and direct Judge King to dismiss without prejudice the Jefferson County action as to Breman.[3]
WRIT GRANTED.
HOOPER, C.J., and MADDOX, HOUSTON, SEE, and BROWN, JJ., concur.
KENNEDY and COOK, JJ., dissent.

. The Clarks do not contend that their status as Cordarrius's parents is different from their status as co-administrators of his estate, nor do they contend that the matters before the Jefferson Circuit Court relating to Breman are not compulsory counterclaims in the Cullman County proceeding.

. Because of our disposition of this case, we do not reach the secondary question whether the Jefferson County proceedings should be transferred to Cullman County pursuant to the doctrine of forum non conveniens in § 6-3-21.1, Ala.Code 1975.

. The period allowed by the statute of limitations for a wrongful-death action based on Cordarri-us’s death will not expire until July 1999, § 6-2-38, Ala.Code 1975; thus, the Clarks, upon timely asserting their compulsory counterclaims against Breman, should not be barred by the statute of limitations from bringing such an action in the Cullman County proceedings.