173 So. 43

### WATSON v. MOBILE & O. R. CO.

#### 6 Div. 60.

Supreme Court of Alabama.

Feb. 18, 1937.

Rehearing Denied March 25, 1937.

W. A. Denson, of Birmingham, for appellant.

Foster, Rice & Foster, of Tuscaloosa, for appellee.

KNIGHT, Justice.

This is the second appeal in this case. Mobile & Ohio Railroad Company v. Watson, 221 Ala. 585, 130 So. 199, 201. On the former appeal we held that no reversible error was committed by the trial court

prior to the verdict, but that the court did commit error to reversal in declining to permit the defendant to cross-examine certain witnesses "touching the contents of their respective affidavits submitted on the motion for new trial," predicated on the ground that the amount of the verdict was improperly ascertained by the jury. We reversed and remanded the cause for a new trial of the motion.

After a further hearing of the motion for a new trial, the trial court granted the motion upon the sole ground that the verdict rendered by the jury was a quotient verdict, and expressly overruled all other grounds.

From this judgment granting a new trial, the appellant Watson took the present appeal. This appeal was taken on the 26th day of June, 1931.

The appeal presents for review the propriety of the action of the trial court in striking certain statements from the affidavits submitted by the plaintiff on the hearing of the motion, upon the ground that the stricken words constituted mere conclusions of the witnesses, and in granting the motion for a new trial upon the ground that the deliverance of the jury was but a quotient verdict.

The plaintiff offered in evidence, upon the hearing of the motion, the affidavits of the twelve jurors, which tended to refute the idea that the verdict was a quotient verdict. Three of the jurors were examined, however, orally before the court touching the procedure and method employed by the jury in arriving at their verdict, not for the purpose of impeachment of the verdict, but for the limited purpose of impeachment of the affidavits of the witnesses, and going to the credibility and effect of such affidavits as evidence of the matters therein contained. This we held to be permissible on the former appeal in this case.

■ The affidavits made by the jurors were evidently prepared by the same person, and are in substantially the same language. No criticism, of course, is to be attached to such action; it was permissible. Whether the jurors would make the affidavits, as prepared, was a matter addressed primarily to their consciences and knowledge.

■ The trial judge had three of the jurors before him, and had the benefit of seeing and observing the witnesses—affi-

ants. We have carefully read all the evidence offered pro and con on the motion for a new trial, and under the rule declared in Cobb v. Malone & Collins, 92 Ala. 630, 9 So. 738, we cannot affirm error on the part of the court in granting the motion for a new trial, on the ground stated in the opinion and judgment of the trial court.

Having reached the conclusion that there was no reversible error in granting the motion for a new trial, it follows that the cause must be affirmed. The effect, of course, of this ruling here is to leave the cause still pending in the court below.

The appellee's motion here made is to dismiss the appeal, and if granted would also leave the cause pending in the court below.

■ In the circumstances of the case, the appellee's contention that the plaintiff, by resorting to the United States court, had estopped himself, by res adjudicata, or otherwise, from further prosecuting the present suit in the circuit court of Tuscaloosa county, Ala., should properly be presented to said circuit court.

■ This court is fully committed to the proposition, whether contrary to the weight of authority or not, that the pendency of a suit in a federal court, with jurisdiction of the subject-matter and of the parties, involving the same cause of action, may be pleaded in abatement of another suit in a court of this State between the same parties and involving the same cause of action. Orman et al. v. Lane, Trustee, 130 Ala. 305, 30 So. 441; Interstate Chemical Corporation v. Home Guano Co., 199 Ala. 583, 75 So. 166. And of course, the converse of this rule is true.

"It is the pendency of two suits for the same cause, their existence simul et semel, the law deemed vexatious and discountenances." Foster v. Napier, 73 Ala. 595, 603.

■ However, the question presented, or undertaken to be raised, by appellee, as we see it, is not one of abatement, but rather of estoppel by res adjudicata— a judgment rendered on the identical cause of action, between this appellant and appellee, in the federal court, the jurisdiction of which had been invoked, pending the appeal in this cause, by appellant. Not only this, but also that the appellant had elected to accept the findings in the federal court.

In resisting the motion made here to dismiss the appeal, the appellant has submitted two affidavits, one by himself and one made by his attorney, in each of which it is denied that appellant's attorney had any authority to settle, compromise, dismiss, or otherwise dispose of the cause of action pending in the Supreme Court, and denying that the attorney had any authority to make any settlement of said cause of action "in any other court."

If the finding of the master in the receivership case, pending in the United States District Court, at Mobile, was confirmed by the court, or if the finding, no exceptions having been filed thereto, had the force and effect of a judgment, the plaintiff in that judgment could only get redress, assuming that the attorney who instituted the proceedings was without authority to do so, by direct application to the court which rendered the judgment, or by bill in equity. This, of course, upon the assumption that the federal court had jurisdiction of the subject-matter, and that the judgment recited the appearance and action of counsel for the parties. Winkler Brokerage Co. v. Courson, 160 Ala. 374, 49 So. 341; Louisville & Nashville Railroad Co. v. Tally, 203 Ala. 370, 83 So. 114. The judgment could not be attacked collaterally. Proof dehors the record to show the invalidity of the judgment is not permitted on collateral attack. 15 R.C.L. § 373, p. 893.

It is to be noted that in the Tally Case, supra, it was charged that the attorney who assumed to represent the plaintiff was not in fact the attorney for plaintiff, while in the case at bar, counsel, who represented the plaintiff in the federal court, and who still represented appellant, was employed by plaintiff to prosecute a suit for plaintiff against the defendant, Mobile & Ohio Railroad Company, to recover damages for personal injuries sustained by him on the 14th day of February, 1928. This was the identical cause of action presented by plaintiff's counsel in both the state and federal courts.

The answer filed by the appellant to the motion to dismiss neither denies the employment of said attorney, nor does it deny that he (plaintiff, appellant) elected to accept the finding of the special master.

It cannot be doubted, as held by this court in the Tally Case, supra, that a judgment rendered by a federal court in this State is, and must be regarded as, a "domestic judgment" and should be accorded the same verity as one rendered by the courts of general jurisdiction of this State. Black on Judgments, § 285; Pearce v. Winter Iron-Works, 32 Ala. 68; Riverdale Cotton Mills v. Alabama & Georgia Manufacturing Co., 198 U.S. 188, 25 S.Ct. 629, 49 L.Ed. 1008; 15 R.C.L. 364, p. 886; Reed v. Vaughan, 15 Mo. 137, 55 Am.Dec. 133.

Having, as heretofore pointed out, reached the conclusion that the judgment should be affirmed, the motion to dismiss the appeal will be denied, for to grant it would serve no useful or practical purpose.

Affirmed, and motion overruled.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.