252 So.2d 66

### Ervin M. FEGARO

v.

### SOUTH CENTRAL BELL, a Corp., et al.

### 6 Div. 784.

Supreme Court of Alabama.

June 3, 1971.

Ala. at 55. See: 67 So.2d at 838; 193 Ala. at 542, 68 So. at 978.

David J. Vann, Birmingham, for appellant.

Robert McD. Smith, Lawrence B. Clark and James F. Trucks, Jr., Birmingham, for appellee, South Central Bell, a Corporation.

**McCALL, Justice.**

This is an appeal by the respondent, Ervin M. Fegaro, from a final decree in a declaratory judgment proceeding which the complainant, South Central Bell Telephone Company, a corporation, (South Central) filed against the respondents, William E. Baker and Comet T.V. Inc., a Kentucky corporation, in which Baker is principally interested, and, against the co-respondents, Ervin M. Fegaro and Comet T.V. Rentals, Inc., an Alabama corporation, in which Fegaro is the principal executive officer. Hereafter, we will call each of them "respondent." None of the respondents other than Fegaro has appealed.

[■] The appellant Fegaro's first assignment of error is that the court erred in entering an order or decree overruling and denying a plea in abatement filed jointly by him and Comet T.V. Rentals Inc.[1] The basis for the plea in abatement is that all of the issues, sought to be resolved in the present case, can be and should be resolved in an already pending civil action before the United States District Court, wherein all of the parties, or those in privity, are said to be the same as the parties in this case.

The United States court case was filed by Comet T.V. Inc. against South Central, Fegaro and L. M. Berry and Company, a corporation, on the theory that the defendants had conspired wrongfully to injure the business of Comet T.V. Inc., by depriving it of the use of its trade name "Comet T.V. Rentals" and of the telephone number listed under that trade name in the yellow pages of the telephone directory, by transferring the number and trade name listing to Fegaro. Neither William E. Baker or Comet T.V. Rentals Inc. was made a party to the federal case, brought by Comet T.V. Inc., a corporation, nor is L. M. Berry and Company a party to the case at bar.

[■ ■] This court has held that in the State of Alabama the pendency of a suit in a federal court, with jurisdiction of the subject matter and of the parties, involving the same cause of action, may be pleaded in abatement of another suit in a court of this State between the same parties and involving the same cause of

---

1. The proper method of testing the sufficiency of a plea in equity is to have it set down for hearing and have the court make an order as to where it is sufficient or not, Rule 16, Alabama Equity Rules, Appendix to Tit. 7, Code of Alabama, 1940; Little v. Little, 249 Ala. 144, 146, 30 So.2d 386.

**410**

action. Watson v. Mobile & O. R. Co., 233 Ala. 690, 692, 173 So. 43; Orman v. Lane, 130 Ala. 305, 30 So. 441; Interstate Chemical Corporation v. Home Guano Co., 199 Ala. 583, 75 So. 166; Hudson and Thompson v. First Farmers and Merchants National Bank of Troy, 265 Ala. 557, 93 So.2d 415. With respect to a declaratory judgment proceeding, the rule which prevails generally is that jurisdiction will not be entertained, if there is pending, at the time of the declaratory action, another action or proceeding to which the same persons are parties and in which are involved, and may be adjudicated, the same identical issues that are involved in the declaratory action. Foreman v. Smith, 272 Ala. 624, 133 So.2d 497. In such a situation, the deciding issue seems to be that the plea in abatement is not available, unless the judgment, that could be rendered in the prior action, would be conclusive between the parties of all the issues raised by the second action. The reason for sustaining such a plea is that the later action is deemed to be unnecessary and vexatious. Foster v. Napier, 73 Ala. 595, 604; Ex parte Gurganus, 251 Ala. 361, 37 So.2d 591; Priest v. Chenault, 239 Ala. 209, 194 So. 651; Milbra v. Sloss-Sheffield Steel & Iron Co., 182 Ala. 622, 62 So. 176, 46 L.R.A.,N.S., 274; Williams v. Gaston, 148 Ala. 214, 42 So. 552; Hudson and Thompson v. First Farmers and Merchants National Bank, supra.

The appellant Fegaro argues that while all of the same parties are not present in each case, they or those in privity with them, are so present, and that all are represented in the material issue of which of the two customers, the appellant Ervin M. Fegaro, on the one hand, or Comet T.V. Inc. and its President, William E. Baker, on the other, is entitled to have a telephone listing under the trade name, "Comet T.V. Rentals," in South Central's Birmingham area telephone directory for June 1, 1970, and to the telephone number 252-8562.

It appears to us that neither are the issues in the federal case identical with or the same as those in the state case, nor are the parties in the two cases the same. While arriving at a decision in the federal case, as to whether or not the defendants were guilty of a civil conspiracy to injure Comet T.V. Inc. in its business, by depriving it of the use of its trade name, "Comet T.V. Rentals," may involve the question of Comet T.V. Inc.'s right to that trade name, any judgment rendered will not conclude the contested issue in the state case of whether or not South Central has the right to list them under each respondent's individual or corporate name, or, in the alternative, the right to refuse to list any or all of the respondents in the 1970 Birmingham telephone directory. Further, such judgment will not conclude the issue of whether or not South Central has to assign in its 1970 telephone directory the particular telephone number 252-8562, to any of the respondents as is demanded of it by each respondent in the state case, or, has the right to deny the use of that number to each of the respondents and assign each of them a new telephone number. The relief which South Central prays for looks prospectively. Those are issues that are made in the state case which we do not find are made or will be concluded in the federal case.

Next, even if these issues, of who is entitled to have the trade name, Comet T.V. Rentals, and the assignment of the telephone number, are to be resolved, in the federal case, in favor of or against Comet T.V. Inc. or Fegaro, one or the other, that will not decide and conclude in the state case, Comet T.V. Rentals, Inc.'s alleged insistence and demand on South Central, nor the rights, if any, of the respondent William E. Baker. Comet T.V. Rentals, Inc., a corporation, though in existence when filed, is not a party to the federal case and cannot be bound by the judgment there simply because the appellant Fegaro, its principal executive officer and stockholder, is a party to the

federal case. The bill of complaint here alleges like insistences and demands, made by the respondent William E. Baker, the person principally interested in Comet T.V. Inc., a corporation, but Baker was not a party to the federal case either. By the same token, he cannot be precluded by the federal case because of his personal relationship with that corporation. In the situation presented, we recognize the doctrine of corporate fiction existing between the corporation and the individual, primarily interested and controlling the corporate body. In Moore & Handley Hardware Co. v. Towers Hardware Co., 87 Ala. 206, 210, 6 So. 41, 43, the court said:

> "2. The general doctrine is well established, and obtains both at law and in equity, that a corporation is a distinct entity, to be considered separate and apart from the individuals who compose it, and is not to be affected by the personal rights and obligations and transactions of its stockholders, and this whether said rights accrued or obligations were incurred before or subsequent to incorporation. * * *"

Loper v. Gill, 282 Ala. 614, 213 So.2d 674; Navco Hardware Co. v. Bass, 214 Ala. 553, 108 So. 452; Rudisill Soil Pipe Co. v. Eastham Soil Pipe & Foundry Co., 210 Ala. 145, 97 So. 219.

We are unable to agree with the appellant's contention that South Central should have sought ancillary relief in the federal case. We assume that appellant means by this that South Central should have cross-claimed in the federal action so as to have accomplished its objective. If this be the contention, then it appears that the case of Hathcock v. Mitchell, 277 Ala. 586, 594, 173 So.2d 576, 583, would conflict with appellant's view, for there the court said:

> "We know of no way under our state procedure that a cross claim can be filed by co-defendant. Since under the Federal rules the filing of a cross claim under Rule 13(g) is discretionary with

the litigant, we are unwilling to hold that a higher standard should prevail when the action of co-defendant in exercising his discretion in filing a cross claim in a Federal court is raised in a court of this state. We therefore hold that the non-filing of cross claim by Mitchell against Hathcock in the United States District Court was not such conduct as to be within the influence of the doctrine of our cases holding that res judicata extends to all questions in issue in the first trial, or which ought to have been put in issue. * * *"

The trial court did not err in its ruling which in effect holds appellant's plea in abatement insufficient.

In support of his second and third assignments of error, the appellant argues that in granting affirmative relief to the respondents, Comet T.V. Inc. and William E. Baker, against him, the trial court erred because there was no cross-bill pending between those two respondents and the appellant, upon which such relief could be founded, and, granting relief was therefore beyond the scope of any pleading filed against appellant Fegaro.

We do not agree with the appellant's contention. In South Central's bill of complaint, as amended, the complainant avers that each of the respondents claims the right to the exclusive listing of Comet T.V. Rentals in the yellow pages of complainant's Birmingham telephone directory; and that each respondent also claims the right to the exclusive use of the telephone number 252–8562. After alleging these contentions of the respondents, the complainant avers that it has the right to deny the use of the telephone number to each of the respondents and to assign each a new number, and complainant also avers that it has the right to list each respondent under their individual or corporate name, or in the alternative to refuse to list any or all of them. Complainant prays that the court take jurisdiction of the cause and the controversies described in the bill and render a final de-

**412**

cree declaring and adjudging the rights and obligations of the parties.

In their respective answers, each respondent presents these same matters that are incorporated in the bill and admits that the complainant has correctly alleged the contention of each, and they deny that the complainant has a right to deny them the right to use the telephone number and listing as Comet T.V. Rentals in the yellow pages.

In his cross-bill against South Central, Fegaro prays among other things that the court will enter an order directing the complainant to transfer the telephone number 252–8562 to him and enjoin South Central from accepting any listing or yellow page advertisements from respondents Baker or Comet T.V. Inc. on anyone else under the trade names Comet T.V. Rentals, Comet T.V. or any variation thereof.

After answering each paragraph of the amended bill, the respondents, Comet T.V. Inc. and Baker prayed as follows:

"* * * that upon hearing of this cause that this Court will order, adjudge and decree that these respondents have the exclusive property right and interest in and to the trade name or trademark 'Comet T V Rentals'; that these respondents have the exclusive right to the use and benefit of said telephone number 252–8562 in Birmingham, Alabama; that these respondents have the exclusive right to a listing or publication in complainant's 'yellow pages' an advertisement using the trade name or trademark 'Comet T V Rentals', including but not limited to complainant's directory to be published on or about June 1, 1970; for all of which these respondents will ever pray."

A general prayer for relief was also made by all of the respondents. The court decreed according to the issues presented by these contentions.

■ The pleadings, in our opinion present a justiciable controversy among the parties, and under the statutes, Tit. 7, § 156 et seq., Code of Alabama, 1940, as amended, providing for a declaratory judgment, are sufficient for the court to make a declaration of the rights, status, and other legal relations among all the parties as to the issues thus made, whether or not that declaration be affirmative or negative in form and effect, Tit. 7, § 156, Code of Alabama, 1940, as amended. The purpose of the Declaratory Judgment Act is that where the court has once acquired jurisdiction for one purpose, it will, under the issues raised by the pleadings, grant full, adequate and complete relief to determine all rights among all parties and give full relief whether legal or equitable. Brantley v. Brantley, 251 Ala. 493, 38 So.2d 8; Lavretta v. First National Bank of Mobile, 235 Ala. 104, 178 So. 3; White v. Manassa, 252 Ala. 396, 41 So.2d 395.

We conclude that the court did not err in granting affirmative relief to the co-respondents Comet T.V. Inc. and Baker.

The final decree of the trial court is affirmed.

Affirmed.

SIMPSON, COLEMAN, BLOODWORTH and MADDOX, JJ., concur.