307 So.2d 518

**In re Douglas JOHNSON et al.**

**v.**

**BROWN–SERVICE INSURANCE CO.,**
**a corp., et al.**

**Ex parte Douglas Johnson et al.**

**SC 748.**

Supreme Court of Alabama.

Dec. 5, 1974.

Rehearing Denied Feb. 20, 1975.

Tipler, Fuller & Barnes, Andalusia, for petitioners.

Edwin C. Page, Jr., Evergreen, Ira L. Burleson, Ralph B. Tate, Birmingham, for respondents.

MADDOX, Justice.

Alabama law provides that no one is entitled to prosecute two actions in the courts of the state at the same time, for the same cause and against the same party. Title 7, § 146, Code of Alabama, 1940 (Recomplied, 1958).

The issue presented by this petition is whether suitors who had filed a prior suit in state court and a subsequent one in federal court could be required to elect which one they would prosecute. The trial judge required the plaintiffs to make an election and decide which suit they would prosecute. Plaintiffs claim the trial court erred. We agree.

The facts are as follows:

Plaintiffs filed a complaint in the Circuit Court of Conecuh County, in which they claimed Brown Service Funeral Homes, Inc., and Liberty National Life Insurance Company, had restrained trade, in violation of Alabama's antitrust statutes [Title 7, § 124 and Title 57, § 108, Code of Alabama, 1940 (Recomplied 1958)]. They asked for damages and other relief.

While the state court suit was pending, the plaintiffs filed another suit about three months later, on June 26, 1972, in the United States District Court for the Northern District of Alabama, in which they sought damages and other relief for restraint of trade in violation of §§ 1 and 2 of the Sherman Act and § 3 of the Clayton Act.

There is little dispute that both suits claim violations of the same rights arising out of the same transactions involving the same parties.

Brown Service and Liberty National filed a plea in abatement and a motion to require complainants to elect between the two actions. This motion was filed in the state court action, not in the federal action.

On February 22, 1974, the state trial judge entered an order requiring the plaintiffs to elect the suit they wished to prosecute and to dismiss the other.

Plaintiffs filed a petition for writ of mandamus in this Court to review the trial judge's order requiring the election; this Court ordered the judge to show cause why he should not be required to vacate and set aside his order. The trial judge responded:

(1) That state law provides that no one is entitled to maintain two suits against the same party, at the same time, for the same cause, in the courts of this state;

(2) That the United States District Court in Birmingham is a "court of this state;"

(3) That actions to recover under state and federal antitrust laws arising out of the same alleged wrongs are actions to recover for the same cause;

(4) That suits in the state court and federal court at the same time for the same cause of action amount to an unpermitted splitting of a cause of action;

(5) That the federal rule which permits two actions to be pending at the same time in a federal and state court differs from the Alabama rule on pendency of actions, and is inapplicable in this case;

(6) That a court of equity is empowered to construct an appropriate remedy to grant relief where there is a recognized right;

(7) That mandamus should be granted only where there is a clear right to the performance of the action or duty demanded.

■ Title 7, § 146, Code of Alabama, 1940 (Recomplied 1958), provides:

"Plaintiff required to elect between actions.—No suitor is entitled to prosecute two actions in the courts of this state at the same time, for the same cause and against the same party, and in such a case the defendant may require the plaintiff to elect which he will prosecute, if commenced simultaneously; and the pendency of the former is a good defense to the latter, if commenced at different times."

■ Unquestionably, the statutory and case law of this state stands for the proposition that a person cannot prosecute two suits at the same time, for the same cause against the same party. The purpose of the rule is to avoid multiplicity of suits and vexatious litigation. Title 7, § 146, Code; Foster v. Napier, 73 Ala. 595 (1883); Sessions v. Jack Cole Co., 276 Ala. 10, 158 So.2d 652 (1963). The rule had been applied where one suit is filed in federal court and another is filed in state court, and this Court has held that a state court action can be abated if there is *pending* a federal court action involving the same cause against the same party. Fegaro v. South Central Bell, 287 Ala. 407, 252 So.2d 66 (1971); Watson v. Mobile & O. RR., 233 Ala. 690, 173 So. 43 (1937). It should be noted, however, that in *Fegaro* and *Watson,* the state suit was filed *after* the federal suit was filed. In other words, to quote Alabama's statute, "the pendency of the former (federal suit) is a good defense to the latter (state suit)." We are faced with the opposite situation here. The question is: Does the rule of *Fegaro* and *Watson* apply? We think not.

Had Brown Service and Liberty National attempted to get the second suit in federal court abated, they would have failed. The federal rule is summarized in Ermentrout v. Commonwealth Oil Co., 220 F.2d 527 (5th Cir. 1955):

"* * * [T]he pendency of a state court action in personam is no ground for abatement or stay of a like action in the federal court, although the same issues are being tried and the federal action is subsequent to the state court action. The federal court may not abdicate its authority or duty in favor of the state jurisdiction." [Citations omitted.]

The trial judge admits that the federal court would not have abated the federal action because the state suit was pending,

but would have allowed both suits to proceed at once. He contends, however, that the Alabama rule differs, and that he, as trial judge, could have dismissed the state court suit, instead of requiring the plaintiffs to make an election, as he did. Brown Service and Liberty National, in support of the trial judge's argument, say, in brief, as follows:

"If both of Petitioners' suits had been filed in two State courts, the decisions of this court and the statute itself would have demanded, upon the issue being raised by a plea, that the second action be abated. If the suits had been filed simultaneously, an election would have been required by the statute (Title 7, Section 146). In the instant situation, however, the suit in the State court was filed first; the suit in the Federal court was filed second. If the order of filing had been reversed; that is, the Federal suit filed first and the State suit filed second, the statute and the decisions of this court would have required abatement of the second suit. The rule is not so lacking in substance and reason that the order of the filing of the suits should deny the effect of the rule. For example, in the City of Birmingham the United States Courthouse is within two blocks of the State Courthouse. If a lawyer starts with two complaints in his pocket, each by the same plaintiff against the same defendant for the same cause, and walks to the Federal Courthouse first to file his suit, then to the State Courthouse to file his suit there, the rule applies. Upon the issue being raised in the State court, the suit must be abated. But if this same lawyer, with these same complaints, were to intentionally or unintentionally walk to the State Courthouse first and file the process, then to the Federal Courthouse and file the same process, would he fortuitously or intentionally defeat the rule?"

■ We answer the question posed in brief in the affirmative. We think the priority or order in which the suits are filed has some significance. Ordinarily, the rule is that only a *prior* action may be pleaded in abatement of a *subsequent* one, and not vice versa. 1 C.J.S. Abatement and Revival § 33, p. 58. See also, Bruce v. Collier, 221 Ala. 22, 127 So. 553 (1930). As was pointed out in Bruce v. Collier, a plea of a "former suit pending," under Alabama's statute, cannot be interposed "in the suit *first begun.*" [Emphasis added.]

■ Brown Service and Liberty National interposed its plea here "in the suit first begun." Therefore, we do not think the plea of a pending action should have been sustained.

■ We further think that the trial judge's order is erroneous on one further ground. While the order did not enjoin the plaintiffs from prosecuting the federal suit, it required them to dismiss one or the other. The order, at least, frustrated plaintiffs' right to continue their federal action. The question, whether the federal court had jurisdiction of the federal action, has not been finally adjudicated. See Donovan v. City of Dallas, 377 U.S. 408, 84 S.Ct. 1579, 12 L.Ed.2d 409 (1964), on the question of the rights of parties when one action is in state court and another is in federal court. In *Donovan,* the Supreme Court held, 6–3, that a state court cannot enjoin a party from relitigating a question in a federal court after he has lost in state court. The res judicata effect of the state judgment is for the federal court to determine, the high court said.

■ The writ of mandamus is granted conditionally. If, upon advice of this decision, the lower court does not enter an order expunging its order of February 22, 1974, requiring the plaintiffs to elect between the federal and state actions, a writ to effectuate such ends will issue on request of the petitioners.

Writ of Mandamus granted conditionally.

MERRILL, HARWOOD, McCALL and FAULKNER, JJ., concur.

McCALL, J., sitting for HEFLIN, C. J.