I concur in the result reached by the majority — that this second-filed state action does not abate — but I write separately to explain my rationale. Under § 6-5-440, Ala. Code 1975, the first-filed federal action did not operate to abate the second-filed state action because the defendant, First Tennessee Bank, National Association ("First Tennessee"), did not assert abatement as a defense in the second-filed action.
Section 6-5-440 provides:
 "No plaintiff is entitled to prosecute two actions in the courts of this state at the same time for the same cause and against the same party. In such a case, the defendant may require the plaintiff to elect which he will prosecute if commenced simultaneously, and the pendency of the former is a good defense to this latter if commenced at different times."
(Emphasis added.)[2] This court has held that the phrase "the courts of this state" in § 6-5-440 includes federal district courts located in Alabama. Ex parte Myer, 595 So.2d 890, *Page 27 
892 (Ala. 1992); Terrell v. City of Bessemer, 406 So.2d 337, 339
(Ala. 1981) (citing, e.g., Fegaro v. South Cent. Bell, 287 Ala. 407,409-10, 252 So.2d 66, 68 (1971); Orman v. Lane, 130 Ala. 306,30 So. 441 (1901)). Thus, § 6-5-440 could have operated to abate the second-filed state action against First Tennessee based on the pendency of the first-filed action in the United States District Court for the Middle District of Alabama. Ex parteMyer, 595 So.2d at 892 (requiring the abatement of a second-filed state action because of the pendency of a first-filed federal action).[3]
Section 6-5-440, however, does not operate on the jurisdiction of the trial court. The statute does not provide that the trial court "is deprived of" jurisdiction over the second-filed action, or that the second-filed action "is void." Instead § 6-5-440
provides that when two actions are commenced at different times, the pendency of the first-filed action "is a good defense" to the second-filed action. Thus, a defendant must raise the first-filed action as a defense in a motion to dismiss. See Ex parte Myer, 595 So.2d at 891; Herrington v. City of Eufaula, 36 Ala. App. 348,349, 55 So.2d 758, 760 (1951). Because First Tennessee did not properly raise the first-filed federal action as a defense in a motion to dismiss the second-filed state action, § 6-5-440
does not operate to abate that second-filed state action.[4]
MADDOX, J., concurs.
[2] Of course, if a defendant properly raises the defense of abatement where the two actions were filed at different times, the plaintiff is not afforded an election of which action to abate. The second-filed action automatically abates. Section6-5-440 provide a plaintiff an election of which action to abate only where the actions were "commenced simultaneously." Where the actions were "commenced at difficult times," § 6-5-440
provides that "the pendency of the former [action] is a good defense to the latter [action]."
[3] I note that this Court has properly held that Alabama's statutory abatement rule does not operate where the first-filed action is pending in a state court and the second-filed action is pending in a federal court. The abatement statute does not provide for abatement of first-filed actions and cannot abate federal court actions. See Johnson v. Brown-Service Ins. Co.,293 Ala. 549 307 So.2d 518 (1974) (explaining that Alabama's abatement rule applies only to abate second-filed state actions not second-filed federal actions).
[4] First Tennessee does not argue that the second-filed state action should be abated. That action resulted in a settlement with which First Tennessee is apparently satisfied. Thus, a principal purpose of § 6-5-440 — to protect the defendant from vexatious litigation — would not be served by abating this second-filed action. See Johnson v. Brown-Service Ins. Co.,293 Ala. 549, 551, 307 So.2d 518, 520 (1974) ("The purpose of the [abatement] rule is to avoid multiplicity of suits and vexatious litigation.).