SHAW, Justice.
 
 [1]
 

 Annette Clark appeals from an order of the Jefferson Circuit Court dismissing, pursuant to Ala.Code 1975, § 6-5-440, her counterclaims against Wells Fargo Bank, N.A. (“Wells Fargo”). We reverse and remand.
 

 Facts and Procedural History
 

 On February 23, 2007, following the foreclosure on the mortgage on property owned by Clark, Wells Fargo filed an ejectment action against Clark in the Jefferson Circuit Court seeking damages for wrongful retention and possession of the foreclosed property, which, the complaint alleged, Clark had refused to vacate. Clark filed an initial answer to Wells Fargo’s complaint on May 14, 2007, which asserted various affirmative defenses but contained no counterclaims.
 

 Meanwhile, on March 23, 2007, Clark had initiated a separate federal action in the United States District Court for the Northern District of Alabama (“the federal court”) against Wells Fargo and other Wells Fargo entities; Edith Pickett, an Alabama attorney, who, the complaint alleged, “was in charge of collecting the false debt in this case”; and Shapiro & Pickett, LLP (“S & P”), the law firm at which Pickett was a partner. As last amended, Clark’s federal action, which indicated that it was brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., asserted the following claims stemming from the mortgage foreclosure: violation of the Fair Debt Collection Practices Act (count I); conversion (count II); breach of contract (count III); fraud (count IV); suppression (count V); conspiracy (count VI); negligent and wanton hiring, training, supervision, and retention (count VII); and wrongful foreclosure (count VIII). Clark further sought injunc-tive relief (count IX).
 

 On September 11, 2007, Clark amended her answer in the case pending in the Jefferson Circuit Court to add counterclaims, which included a statement of factual allegations virtually identical to those alleged in Clark’s federal complaint and which asserted the following claims against Wells Fargo: conversion of funds (count I); breach of contract (count II); fraud (count III); voiding of foreclosure sale (count IV); voiding of deed (count V); fraudulent foreclosure (count VI); injunc-tive relief (count VII); and malicious and fraudulent prosecution (count VIII).
 

 Thereafter, on October 3, 2007, Wells Fargo moved to dismiss its complaint on the ground that Clark had vacated the property that was the subject of the foreclosure. The circuit court granted that motion on October 5, 2007.
 
 [2]
 

 
 *426
 
 On December 7, 2007, the federal court apparently dismissed with prejudice counts II, III, and IV against Pickett and S & P; dismissed without prejudice counts I, III, and IV against Wells Fargo; dismissed without prejudice counts I, V, VI, VII, and VIII against Pickett and S & P; dismissed with prejudice count II against Wells Fargo for failure to state a claim; struck counts IX and X;
 
 [3]
 
 and afforded Clark 15 days to amend her complaint accordingly.
 
 [4]
 
 The federal court’s case-action summary further indicates that Clark filed an amended complaint on December 21, 2007.
 

 On January 14, 2008, Wells Fargo moved the Jefferson Circuit Court, pursuant to Ala.Code 1975, § 6-5-440, to dismiss Clark’s counterclaims on the ground that the counts asserted as counterclaims in the circuit court action were “virtually identical to the allegations filed by Clark against Wells Fargo in the Federal District Court for the Northern District of Alabama” and that Clark was unable to maintain two actions against Wells Fargo based on a single dispute. In opposition to the motion to dismiss filed by Wells Fargo, Clark argued that § 6-5-440, which prohibits simultaneous actions for the same cause against the same party, does not apply here because, she said, that section “applies to situations where a plaintiff files a lawsuit in federal court and then files the same lawsuit in state court” and is thus inapplicable to situations in which the first-filed suit is in the state court.
 

 The circuit court conducted a hearing on Wells Fargo’s motion on January 18, 2008. Without making written findings of fact, the circuit court granted Wells Fargo’s motion and dismissed Clark’s counterclaims on March 14, 2008.
 
 [5]
 
 Clark subsequently filed a motion to alter, amend, or vacate that decision and a contemporaneous motion for additional findings of fact or conclusions of law, both of which were opposed by Wells Fargo. The circuit court denied Clark’s motions. Thereafter, Clark filed a “renewed” motion to alter, amend, or vacate,
 
 [6]
 
 which was likewise denied. Clark appeals.
 

 Standard of Review
 

 “When the facts underlying a motion filed pursuant to § 6-5-440 are undisputed, as is the case here, our review of the application of the law to the facts is de novo.
 
 Greene v. Town of Cedar Bluff,
 
 965 So.2d 773, 779 (Ala.2007).”
 
 Ex parte Metropolitan Prop. & Cas. Ins. Co.,
 
 974 So.2d 967, 969 (Ala.2007).
 

 Discussion
 

 On appeal, Clark argues, as she did below, that the circuit court erred in dismissing her counterclaims in the state-
 
 *427
 
 court action because, she says, § 6-5-440 does not provide for the dismissal of a state-court action when it is the first-filed action and a second, identical action is later filed in a federal court. We agree.
 

 “The petitioners contend that the ‘cross-claims’ filed ... in the Clarke County action must be dismissed pursuant to Ala.Code 1975, § 6-5-440, which generally prohibits a plaintiff from maintaining duplicate actions:
 

 “ ‘No plaintiff is entitled to prosecute two actions in the courts of this state at the same time for the same cause and against the same party. In such a case, the defendant may require the plaintiff to elect which he will prosecute, if commenced simultaneously, and the pendency of the former is a good defense to the latter if commenced at different times.’
 

 “This Code section, by its plain language, forbids a party from prosecuting two actions for the ‘same cause’ and against the ‘same party.’ This Court has previously held that an action pending in a federal court falls within the coverage of this Code section:
 

 “ ‘ “The phrase ‘courts of this state,’ as used in § 6-5-440, includes all federal courts located in Alabama. This Court has consistently refused to allow a person to prosecute an action in a state court while another action on the same cause and against the same parties is pending in a federal court in this State.” ’
 

 “Ex parte University of South Alabama Found.,
 
 788 So.2d 161, 164 (Ala.2000) (quoting
 
 Weaver v. Hood,
 
 577 So.2d 440, 442 (Ala.1991) (citations in
 
 Weaver
 
 omitted in
 
 University of South
 
 Alabama)). Additionally, a compulsory counterclaim is considered an ‘action’ for purposes of § 6-5-440.
 
 Penick v. Cado Sys. of Cent. Alabama, Inc.,
 
 628 So.2d 598, 599 (Ala.1993).”
 

 Ex parte Norfolk S. Ry.,
 
 992 So.2d 1286, 1289-90 (Ala.2008).
 

 Our caselaw provides that, for purposes of § 6-5-440, when a compulsory counterclaim exists, a defendant is considered a “counterclaim plaintiff’ at the time the underlying action is initiated:
 

 “ ‘This Court has held that the
 
 obligation
 
 ... to assert compulsory counterclaims, when read in conjunction with § 6-5-440, Ala.Code 1975, which prohibits a party from prosecuting two actions for the same cause and against the same party, is tantamount to making the defendant with a compulsory counterclaim in the first action a “plaintiff’ in that action (for purposes of § 6-5-440) as of the time of its commencement. See, e.g.,
 
 Ex parte Parsons & Whittemore Alabama Pine Constr. Corp.,
 
 658 So.2d 414 (Ala.1995);
 
 Penick v. Cado Systems of Cent. Alabama, Inc.,
 
 628 So.2d 598 (Ala.1993);
 
 Ex parte Canal Ins. Co.,
 
 534 So.2d 582 (Ala.1988). Thus, the defendant subject to the counterclaim rule who commences another action has violated the prohibition in § 6-5-440 against maintaining two actions for the same cause.’
 

 “Ex parte Breman Lake View Resort, L.P.,
 
 729 So.2d 849, 851 (Ala.1999). See also
 
 [Ex parte] University of South Alabama Found.,
 
 788 So.2d [161] at 165 [ (Ala.2000) ] (holding that a party in an action pending in a federal court was subject to the counterclaim rule and thus violated § 6-54140 by commencing another action in a state court);
 
 Ex parte Parsons & Whittemore Alabama Pine Constr. Corp.,
 
 658 So.2d 414 (Ala.1995) (holding that the prosecution in a subsequent action of claims that had been compulsory counterclaims in a pre
 
 *428
 
 viously filed declaratory-judgment action violated § 6-5-440).”
 

 Ex parte Norfolk S. Ry.,
 
 992 So.2d at 1289-90 (emphasis added).
 
 See also Little Narrows, LLC v. Scott,
 
 1 So.3d 973 (Ala.2008);
 
 Ex parte J.C. Duke &
 
 Assocs.,
 
 Inc.,
 
 4 So.3d 1092 (Ala.2008). Therefore, for purposes of applying § 6-5-440, when a defendant has the obligation to file a compulsory counterclaim, that defendant is considered a counterclaim plaintiff at the time the action is commenced.
 

 Here, Clark actually filed the federal action
 
 before
 
 asserting her counterclaims in the state-court action. However, Clark’s claims against Wells Fargo must be considered compulsory counterclaims because they are both logically related to and arose out of the same circumstances that gave rise to Wells Fargo’s original ejectment claim.
 
 See J.C. Duke & Assocs.,
 
 4 So.3d at 1094 (“ ‘Under the logical-relationship test “[a] counterclaim is compulsory if there is any logical relation of any sort between the original claim and the counterclaim.” Committee Comments on the 1973 adoption of Rule 13, ¶ 6.’ ” (quoting
 
 Bedsole v. Goodloe,
 
 912 So.2d 508, 521 (Ala.2005))).
 
 See also Calhoun v. Pennsylvania Nat’l Mut. Cas. Ins. Co.,
 
 676 So.2d 1332, 1333 (Ala.Civ.App.1996) (“Both Rule 13(a), Ala. R. Civ. P., and Rule 13(a), Fed. R.Civ.P., require a party to file as a counterclaim ‘any claim ... the pleader has against any opposing party5 that arises out of the same transaction or occurrence involved in the opposing party’s claim.”);
 
 Mississippi Valley Title Ins. Co. v. Hardy,
 
 541 So.2d 1057, 1062 (Ala.1989) (“[I]n a suit against a lender to set aside a note, the lender must, in addition to filing an answer, assert a compulsory counterclaim for
 
 any
 
 equitable relief to which the lender would be entitled if the Court were to decide to set aside the note.”); and
 
 Brooks v. Peoples Nat’l Bank of Huntsville,
 
 414 So.2d 917, 919 (Ala.1982) (concluding that, because the claims based on default on a note and foreclosure on a mortgage arose from a single, continuous loan transaction, because the evidence was overlapping, because the claims arose from a single set of facts, and because they were “ ‘logically related,’ ” the claims were compulsory counterclaims in an action for fraud in the inducement of the execution of the note). Because Clark’s counterclaims are compulsory, under the relation-back doctrine, Clark became “a ‘plaintiff in [the state-court] action (for purposes of § 6-5^40) as of the time of its commencement” on February 23, 2007, when Wells Fargo first filed its ejectment complaint.
 
 Norfolk S. Ry.,
 
 992 So.2d at 1290.
 
 See also Liberty Mut. Ins. Co. v. Wheelwright Trucking Co.,
 
 851 So.2d 466, 485 (Ala.2002). Thus, Clark is correct in asserting that the state-court action is to be considered the first-filed action for the purposes of § 6-5-440.
 
 [7]
 

 Because Clark’s state-court action is considered to have been filed
 
 before
 
 the action in the federal court, § 6-5-440 does not apply.
 

 “Unquestionably, the statutory and case law of this state stands for the
 
 *429
 
 proposition that a person cannot prosecute two suits at the same time, for the same cause against the same party. The purpose of the rule is to avoid multiplicity of suits and vexatious litigation. Title 7, § 146, Code;
 
 Foster v. Napier,
 
 73 Ala. 595 (1883);
 
 Sessions v. Jack Cole Co.,
 
 276 Ala. 10, 158 So.2d 652 (1963). The rule had been applied where one suit is filed in federal court and another is filed in state court, and this Court has held that a state court action can be abated if there is
 
 pending
 
 a federal court action involving the same cause against the same party.
 
 Fegaro v. South Central Bell,
 
 287 Ala. 407, 252 So.2d 66 (1971);
 
 Watson v. Mobile & O. RR.,
 
 233 Ala. 690, 173 So. 43 (1937). It should be noted, however, that in
 
 Fegaro
 
 and
 
 Watson,
 
 the state suit was filed after the federal suit was filed. In other words, to quote Alabama’s statute, ‘the pendency of the former (federal suit) is a good defense to the latter (state suit).’ We are faced with the opposite situation here. The question is: Does the rule of
 
 Fegaro
 
 and
 
 Watson
 
 apply? We think not.
 

 “Had Brown Service and Liberty National attempted to get the second suit in federal court abated, they would have failed. The federal rule is summarized in
 
 Ermentrout v. Commonwealth Oil Co.,
 
 220 F.2d 527 (5th Cir.1955):
 

 “ ‘... [T]he pendency of a state court action in personam is no ground for abatement or stay of a like action in the federal court, although the same issues are being tried and the federal action is subsequent to the state court action. The federal court may not abdicate its authority or duty in favor of the state jurisdiction.’ [Citations omitted.]”
 

 Johnson v. Brown-Serv. Ins. Co.,
 
 293 Ala. 549, 551, 307 So.2d 518, 520 (1974).
 
 See also First Tennessee Bank, N.A. v. Snell,
 
 718 So.2d 20, 27 n. 3 (Ala.1998) (See, J., concurring in the result) (“I note that this Court has properly held that Alabama’s statutory abatement rule does not operate where the first-filed action is pending in a state court and the second-filed action is pending in a federal court. The abatement statute does not provide for abatement of first-filed actions, and cannot abate federal court actions.”).
 

 Although this result may be coun-terintuitive given the clear statutory prohibition against the prosecution of identical claims in two courts simultaneously, such a result was specifically contemplated in
 
 Johnson,
 
 in which the Court stated:
 

 “The trial judge admits that the federal court would not have abated the federal action because the state suit was pending, but would have allowed both suits to proceed at once. He contends, however, that the Alabama rule differs, and that he, as trial judge, could have dismissed the state court suit, instead of requiring the plaintiffs to make an election, as he did. Brown Service and Liberty National, in support of the trial judge’s argument, say, in brief, as follows:
 

 “‘If both of Petitioners’ suits had been filed in two State courts, the decisions of this court and the statute itself would have demanded, upon the issue being raised by a plea, that the second action be abated. If the suits had been filed simultaneously, an election would have been required by the statute [ (§ 6-5-440, AJa.Code 1975) ]. In the instant situation, however, the suit in the State court was filed first; the suit in the Federal court was filed second. If the order of filing had been reversed; that is, the Federal suit filed first and the State suit filed second, the statute and the decisions
 
 *430
 
 of this court would have required abatement of the second suit. The rule is not so lacking in substance and reason that the order of the filing of the suits should deny the effect of the rule. For example, in the City of Birmingham the United States Courthouse is within two blocks of the State Courthouse. If a lawyer starts with two complaints in his pocket, each by the same plaintiff against the same defendant for the same cause, and walks to the Federal Courthouse first to file his suit, then to the State Courthouse to file his suit there, the rule applies. Upon the issue being raised in the State court, the suit must be abated. But if this same lawyer, with these same complaints, were to intentionally or unintentionally walk to the State Courthouse first and file the process, then to the Federal Courthouse and file the same process, would he fortuitously or intentionally defeat the rule?’
 

 “We answer the question posed in brief in the affirmative. We think the priority or order in which the suits are filed has some significance.”
 

 293 Ala. at 551-52, 307 So.2d at 520. Further, in order to effect the intended purpose of the statute of “avoiding] multiplicity of suits and vexatious litigation,”
 
 Johnson,
 
 293 Ala. at 551, 307 So.2d at 520, even though it may not dismiss the first-filed state action, the state court does have other options at its disposal, including a stay of all state-court proceedings pending the outcome of the federal action.
 
 See
 
 1 Am.Jur.2d
 
 Actions
 
 § 72 (2008); E.H. Schopler, Annotation,
 
 Stay of Civil Proceedings Pending Determination of Action in Federal Court in Same State,
 
 56 A.L.R.2d 335 (1957).
 

 Finally, Wells Fargo has not provided any contrary authority demonstrating that § 6-5-440 is applicable in this case. In fact, in its brief to this Court, Wells Fargo acknowledges that “[t]he abatement statute does not apply if a plaintiff files a lawsuit in state court, and then the plaintiff later files the same lawsuit in federal court.” (Wells Fargo’s brief, at p. 16.) In support of that statement, Wells Fargo cites this Court’s decision in
 
 Ex parte La-Coste,
 
 733 So.2d 889 (Ala.1998), in which we concluded that, because the named defendant in the plaintiffs first-filed state-court action had not yet been named as a defendant in substantially similar class-action litigation pending in federal court at the time the plaintiffs state-court action was filed, the plaintiffs action “was not subject to dismissal under § 6-5-440.” 733 So.2d at 894.
 

 Conclusion
 

 For the foregoing reasons, the circuit court’s dismissal of Clark’s state-court counterclaims was improper. Therefore, we reverse the order of the circuit court dismissing Clark’s counterclaims, and we remand the cause for further proceedings consistent with this opinion.
 

 REVERSED AND REMANDED.
 

 COBB, C.J., and LYONS, WOODALL, and PARKER, JJ., concur.
 

 [1]
 

 . This case was originally assigned to another Justice on this Court. It was reassigned to Justice Shaw on February 6, 2009.
 

 [2]
 

 . The circuit court inadvertently dismissed the entire action, including Clark’s counterclaims, in its October 5 order. Clark later filed a motion to reinstate her counterclaims,
 
 *426
 
 which the circuit court granted on December 13, 2007.
 

 [3]
 

 . The copy of Clark's federal complaint, which was included as an exhibit to Wells Fargo’s motion to dismiss, does not include a count X.
 

 [4]
 

 . Although Clark included a copy of the federal court's case-action summary in support of both motions to alter, amend, or vacate the judgment, the record does not include a copy of the federal court's order dismissing the various counts.
 

 [5]
 

 . The circuit court's written order indicates that it was entered on March 14, 2007. However, because both the hearing date and the circuit clerk’s stamp record the year as 2008, we assume that the entry date in the order is merely a typographical error.
 

 [6]
 

 .Clark's "renewed” motion to alter, amend, or vacate "was a nullity and did not suspend the 42-day time period for filing a notice of appeal from running.”
 
 Triplett v. Wal-Mart Stores, Inc.,
 
 857 So.2d 836, 838 (Ala.Civ.App.2003) (citing
 
 Humphries v. Humphries,
 
 726 So.2d 698 (Ala.Civ.App.1998)). Nevertheless, Clark's notice of appeal was filed within 42 days of the entry of the order being appealed.
 

 [7]
 

 . Wells Fargo contends that the filing of the counterclaims does not "relate back” to the filing of the complaint, and it further argues that this Court has previously "refused to adopt the relation back doctrine 'in the context of proceedings in which a party invokes § 6-5-440.' ” Wells Fargo’s brief, at p. 17 (quoting
 
 Ex parte Metropolitan Prop. & Cas. Ins. Co.,
 
 974 So.2d at 971-72). This Court, however, did not address the relation-back issue raised in
 
 Ex parte Metropolitan
 
 because the appellant there failed to include "any argument or authority (a) as to whether Metropolitan’s amended complaint relate[d] back to the date of filing of the initial complaint and, if so, (b) whether the 'legal fiction’ of relation back should apply in the context of proceedings in which a party invokes § 6-5-440.” 974 So.2d at 971-72 (footnote omitted).
 
 Contra, Norfolk S. Ry.
 
 and
 
 Liberty Mut. Ins. Co.