LYONS, Justice
(concurring specially).
The main opinion overrules Ex parte University of South Alabama Foundation, 788 So.2d 161 (Ala.2000), without having been asked to do so by the petitioners, J.E. Estes Wood Company, Inc., and A.A. Nettles, Sr. Properties, Ltd. I adhere to the view I expressed in Ex parte Hanna Steel Corp., 905 So.2d 805, 810 (Ala.2004) (Lyons, J., concurring in the result) (“Without a specific request to overrule prior precedent in a setting where no argument can be made that the precedent has already been overruled sub silentio by previous decisions, a court taking such action sua sponte cuts off an adverse party’s right to have the court consider the important subordinate question — assuming the precedent was wrongly decided, whether stare decisis requires adherence to it. See, e.g., United States v. Johnson, 481 U.S. 681, 703, 107 S.Ct. 2063, 95 L.Ed.2d 648 (1987) (Scalia, J., dissenting) (We have not been asked by respondent to overrule Feres [v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950)], and so need not resolve whether considerations of stare decisis should induce us, despite the plain error of the case, to leave bad enough alone.’).”).
In Clark v. Wells Fargo Bank, N.A., 24 So.3d 424 (Ala.2009), released before the trial court issued its stay in this case on July 27, 2009, this Court quoted with approval from Johnson v. Brown-Service Insurance Co., 293 Ala. 549, 552, 307 So.2d 518, 520 (1974), in which the Johnson Court quoted with approval the following statement from a brief of one of the parties:
“ ‘If a lawyer starts with two complaints in his pocket, each by the same plaintiff against the same defendant for the same cause, and walks to the Federal Courthouse first to file his suit, then to the State Courthouse to file his suit there, the rule applies. Upon the issue being raised in the State court, the suit must be abated.’ ”
(Emphasis added.)
Because the foregoing statement as to the trial court’s authority in dealing with a second-filed state-court action cannot be reconciled with Ex parte University of South Alabama Foundation I consider it to have been sub silentio overruled by the more recent decision in Clark v. Wells Fargo Bank, N.A.