PARKER, Justice.
Robert Przybysz, Ingenuity International, LLC ("Ingenuity"), David Byker, and Global Asset Management Holdings, LLC ("GAM") (hereinafter collectively referred to as "the defendants"), filed two petitions for a writ of mandamus in this Court.[1] Both petitions seek a writ ordering the *1097 Jefferson Circuit Court ("the circuit court") to vacate the portion of its order requiring Przybysz, Byker, and GAM to dismiss an action they filed in the United States District Court for the Northern District of Alabama ("the federal district court") against Nannette Smith alleging breach of a settlement agreement between the parties.[2]
Facts and Procedural History
The parties have been involved in litigation concerning a business dispute for several years. A detailed recitation of the facts concerning the business dispute is not necessary to analyze the issue raised in the defendants' mandamus petitions. In summary, Smith and B2K Systems, Inc. ("B2K Inc."), filed an action against the defendants and B2K Systems, LLC ("B2K LLC"), in the circuit court asserting various claims, and, at some point, GAM filed an action in the circuit court against B2K LLC. The two cases were consolidated in the circuit court. On November 15, 2016, after years of litigation, the parties entered into a settlement agreement, settling both cases.
As part of the settlement agreement, Byker and/or GAM were to make an initial payment to Smith and then additional payments over a 30-month period.[3] In exchange, Smith agreed to provide a business asset, which is the object of the underlying litigation, to the defendants. Because the settlement agreement required payments to be made over a 30-month period, the circuit court did not enter a final judgment on the settlement agreement, but placed the case on its administrative docket with the intention of leaving it there until the payments to Smith were satisfied. There is no indication that a final judgment has been entered in the underlying cases.
On December 19, 2016, Przybysz, Byker, and GAM sued Smith in the federal district court asserting various claims based on Smith's alleged breach of the settlement agreement. On December 28, 2016, Smith and B2K Inc. filed an amended complaint in the circuit court asserting additional claims based on the defendants' alleged breach of the settlement agreement. Smith and B2K Inc. also filed a motion requesting that the circuit court find the defendants in contempt for filing the action in the federal district court and assessing sanctions against them. Lastly, Smith and B2K Inc. requested that the circuit court enter a consent judgment in their favor in the amount of $750,000.
On January 30, 2017, following a hearing, the circuit court entered an order denying Smith and B2K Inc.'s motion to find the defendants in contempt. However, the circuit court ordered Przybysz, Byker, and GAM to dismiss their action in the federal district court:
"4. The court continues to retain jurisdiction of this matter and of the execution of the settlement per the agreement of the parties.
"5. The defendants are ORDERED and DIRECTED to promptly dismiss any and all federal lawsuits filed ... pertaining to the settlement of this case or purporting to seek enforcement of the settlement of this case or relief from the terms of the settlement."
(Capitalization in original.)
Standard of Review
"A writ of mandamus will be granted where there is *1098 " ' "(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.' "
" ' Ex parte Ocwen Federal Bank, FSB, 872 So.2d 810, 813 (Ala. 2003) (quoting Ex parte Alfab, Inc., 586 So.2d 889, 891 (Ala. 1991) ). Mandamus will lie to direct a trial court to vacate a void judgment or order. Ex parte Chamblee, 899 So.2d 244, 249 (Ala. 2004).'
" Ex parte Sealy, L.L.C., 904 So.2d 1230, 1232 (Ala. 2004)."
Ex parte Courtyard Citiflats, LLC, 191 So.3d 787, 789-90 (Ala. 2015).
Discussion
The defendants ask this Court to issue writs of mandamus ordering the circuit court to vacate the portion of its January 30, 2017, order requiring Przybysz, Byker, and GAM to dismiss their federal lawsuit against Smith. Relying on Donovan v. City of Dallas, 377 U.S. 408, 84 S.Ct. 1579, 12 L.Ed.2d 409 (1964), the defendants argue that the circuit court lacked the authority to order Przybysz, Byker, and GAM to dismiss their federal lawsuit against Smith. We agree and issue the writs.
In Donovan, a group of property owners near a municipal airport filed a class action in a Texas trial court against the municipality to restrain it from building a runway to service the municipal airport and from funding the project through the issuance of bonds. The trial court entered a summary judgment in favor of the municipality, and the summary judgment was affirmed on appeal. Later, a group of citizens of the municipality, including several members of the class who filed the initial lawsuit in the Texas state court, filed a class action in the United States District Court for the Northern District of Texas against the municipality, among others, seeking similar relief. The municipality filed an answer to the class action in the federal court, but also "applied to the Texas Court of Civil Appeals for a writ of prohibition to bar all the plaintiffs in the case in the United States District Court from prosecuting their case there." 377 U.S. at 409, 84 S.Ct. 1579. Initially, the Texas Court of Civil Appeals denied the municipality's application. However, after being reversed by the Supreme Court of Texas, the Texas Court of Civil Appeals
"issued a writ prohibiting all the plaintiffs in the United States District Court case from any further prosecution of that case and enjoined them 'individually and as a class ... from filing or instituting ... any further litigation, law suits or actions in any court, the purpose of which is to contest the validity of the airport revenue bonds ... or from in any manner interfering with the proposed bonds ....' "
377 U.S. at 410, 84 S.Ct. 1579. Subsequently, the United States District Court for the Northern District of Texas dismissed the class action, and the class-action plaintiffs appealed.
After the class-action plaintiffs appealed, the Texas Court of Civil Appeals determined that several of the class-action plaintiffs had violated the court's prohibition and sanctioned the class-action plaintiffs. Although the United States Supreme Court denied certiorari review of the United States District Court for the Northern District of Texas's dismissal of the class action, the United States Supreme Court granted certiorari review "to review the State Supreme Court's judgment directing the Civil Court of Appeals to enjoin petitioners from prosecuting their action in the federal courts."
*1099 Donovan, 377 U.S. at 411, 84 S.Ct. 1579. In analyzing this issue, the United States Supreme Court stated:
"Early in the history of our country a general rule was established that state and federal courts would not interfere with or try to restrain each other's proceedings. That rule has continued substantially unchanged to this time. An exception has been made in cases where a court has custody of property, that is, proceedings in rem or quasi in rem. In such cases this Court has said that the state or federal court having custody of such property has exclusive jurisdiction to proceed. Princess Lida v. Thompson, 305 U.S. 456, 465-468, 59 S.Ct. 275, 83 L.Ed. 285 [ (1939) ]. In Princess Lida this Court said 'where the judgment sought is strictly in personam, both the state court and the federal court, having concurrent jurisdiction, may proceed with the litigation at least until judgment is obtained in one of them which may be set up as res judicata in the other.' Id., 305 U.S. at 466, 59 S.Ct. 275. See also Kline v. Burke Construction Co., 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226 [ (1922) ]. It may be that a full hearing in an appropriate court would justify a finding that the state-court judgment in favor of [the municipality] in the first suit barred the issues raised in the second suit, a question as to which we express no opinion. But plaintiffs in the second suit chose to file that case in the federal court. They had a right to do this, a right which is theirs by reason of congressional enactments passed pursuant to congressional policy. And whether or not a plea of res judicata in the second suit would be good is a question for the federal court to decide. While Congress has seen fit to authorize courts of the United States to restrain state-court proceedings in some special circumstances, it has in no way relaxed the old and well-established judicially declared rule that state courts are completely without power to restrain federal-court proceedings in in personam actions like the one here. And it does not matter that the prohibition here was addressed to the parties rather than to the federal court itself. For the heart of the rule as declared by this Court is that:
" '... where the jurisdiction of a court, and the right of a plaintiff to prosecute his suit in it, have once attached, that right cannot be arrested or taken away by proceedings in another court.... The fact, therefore, that an injunction issues only to the parties before the court, and not to the court, is no evasion of the difficulties that are the necessary result of an attempt to exercise that power over a party ... who is a litigant in another and independent forum.' [12]
"[12] Peck v. Jenness, 7 How. 612, 625 [12 L.Ed. 841] [ (1849) ]. See also Central National Bank v. Stevens, 169 U.S. 432 [18 S.Ct. 403, 42 L.Ed. 807] [ (1898) ] ; cf. Baltimore & O.R. Co. v. Kepner, 314 U.S. 44, 54, n. 23 [62 S.Ct. 6, 86 L.Ed. 28] ( [1941) ]."
Donovan, 377 U.S. at 412-13, 84 S.Ct. 1579 (emphasis added; some footnotes omitted).[4] See also General Atomic Co. v. Felter, 434 U.S. 12, 17, 98 S.Ct. 76, 54 L.Ed.2d 199 (1977) ("It is ... clear from *1100 Donovan [v. Dallas, 377 U.S. 408, 84 S.Ct. 1579, 12 L.Ed.2d 409 (1964),] that the rights conferred by Congress to bring in personam actions in federal courts are not subject to abridgment by state-court injunctions, regardless of whether the federal litigation is pending or prospective."). The United States Supreme Court concluded that "[t]he Texas courts were without power to take away this federal right by contempt proceedings or otherwise." Donovan, 377 U.S. at 413-14, 84 S.Ct. 1579 (emphasis added).
The defendants argue that, "because this is an in personam breach of contract action, as opposed to an in rem proceeding, [the circuit court] is without authority to enjoin the federal action or order the [d]efendants to dismiss the federal action." In their response, Smith and B2K Inc.[5] recognize the application of the above-discussed principles from Donovan. However, Smith and B2K Inc. appear to argue that the circuit court has the authority to decide if a federal district court would have jurisdiction over a pending suit in the federal district court. Smith and B2K Inc. conclude that, if the circuit court determines that a federal district court does not have jurisdiction over the case, then the circuit court may enjoin the action pending in the federal district court.
In support of their argument, Smith and B2K Inc. cite some cases for the unrelated proposition that "state courts have the power and duty to construe questions of federal law." However, none of those authorities stand for the proposition asserted by Smith and B2K Inc. that a state court may determine whether a federal court has jurisdiction over a case filed in that federal court. Smith and B2K Inc.'s argument is not supported by any relevant authority; thus, we need not consider it further. See Jimmy Day Plumbing & Heating, Inc. v. Smith, 964 So.2d 1, 9 (Ala. 2007) ("Rule 28(a)(10), Ala. R. App. P., requires that arguments in an appellant's brief contain 'citations to the cases, statutes, other authorities, and parts of the record relied on.' Further, 'it is well settled that a failure to comply with the requirements of Rule 28(a)(10) requiring citation of authority in support of the arguments presented provides this Court with a basis for disregarding those arguments.' State Farm Mut. Auto. Ins. Co. v. Motley, 909 So.2d 806, 822 (Ala. 2005) (citing Ex parte Showers, 812 So.2d 277, 281 (Ala. 2001) ). This is so, because ' "it is not the function of this Court to do a party's legal research or to make and address legal arguments for a party based on undelineated general propositions not supported by sufficient authority or argument." ' Butler v. Town of Argo, 871 So.2d 1, 20 (Ala. 2003) (quoting Dykes v. Lane Trucking, Inc., 652 So.2d 248, 251 (Ala. 1994) ).").
We agree with the defendants. Donovan makes clear that the circuit court does not have the authority to order Przybysz, Byker, and GAM to dismiss their federal action against Smith; the defendants have demonstrated a clear legal right to the relief they seek.
Conclusion
We grant the defendants' petitions and direct the circuit court to vacate that portion of its order requiring Przybysz, Byker, and GAM to dismiss their federal action against Smith.
1160381-PETITION GRANTED; WRIT ISSUED.
1160383-PETITION GRANTED; WRIT ISSUED.
Stuart, C.J., and Bolin, Shaw, Main, Wise, Bryan, and Sellers, JJ., concur.
Murdock, J., concurs in the result.

Each petition is directed to a different circuit court number. It appears from the materials before this Court that the two cases were consolidated in the circuit court early in these proceedings and have traveled together since. The order to which these petitions are addressed concerns both circuit court case numbers.

Ingenuity is named as a petitioner in both petitions even though it was not a party in the action in the federal district court.

Przybysz and Ingenuity were involved with other aspects of the settlement agreement, a detailed explanation of which is not necessary for purposes of resolving the petitions that are the subject of this opinion.

This well established principle from Donovan has been adopted in Alabama. See Moody v. State ex rel. Payne, 295 Ala. 299, 307, 329 So.2d 73, 79 (1976) (recognizing "the proposition stated in Donovan v. City of Dallas, 377 U.S. 408, 84 S.Ct. 1579, 12 L.Ed. 2d 409 (1964), that 'state courts are completely without power to restrain federal-court proceedings in in personam actions' " and noting that this principle was previously "cited and applied by this [C]ourt in Johnson v. Brown-Service Ins. Co., 293 Ala. 549, 307 So.2d 518 (1974)").

B2K Inc. is named as a respondent in both cases even though it was not a party in the action in the federal district court.